## REGADANZ v. HAINES ET AL.

[No. 20,782. Filed February 7, 1907.]

1. CONSTITUTIONAL LAW. — *Intoxicating Liquors.* — The act of 1905 (Acts 1905, p. 7, §7283i Burns 1905), providing that a majority of the voters of a township or city ward may, by remonstrance, prevent the grant of a license to anyone to retail liquor therein, is constitutional.  p. 143.

2. INTOXICATING LIQUORS. — *Remonstrance.* — *Right of With-drawal.*—Where a general remonstrance against the grant of a liquor license in a certain township was filed three days before the October term of commissioners' court, the remonstrators thereon have no right to withdraw their names at the November term, such signatures being effective for two years from such October term.  p. 144.

3. SAME.—*"Blanket" Remonstrances.*—The filing of a "blanket" remonstrance containing a majority of the legal voters of a township deprives the circuit court, on appeal from the board of commissioners, of the right to grant a license in such township.  p. 144.

From Huntington Circuit Court; *A. H. Plummer,* Special Judge.

Petition by Charles L. Regadanz for license to retail intoxicating liquor, against which Frank E. Haines and others remonstrate. From a judgment for remonstrants, petitioner appeals. *Affirmed.*

*Kenner, Lucas & Kenner, W. W. Woollen, Evans Woollen* and *Russell T. Byers,* for appellant.

*John Q. Cline* and *Claude Cline,* for appellees.

*Charles W. Miller,* Attorney-General, *H. M. Dowling, C. C. Hadley* and *William C. Geake,* for the State.

JORDAN, J.—It appears from the record in this case that three days before the beginning of the regular October session, 1905, of the Board of Commissioners of the County of Huntington, a general remonstrance, signed by appellees, claiming to be a majority of the voters of the

township, against the granting of a license by the board to any person for the sale of intoxicating liquors in Jackson township of said county, was filed with the county auditor under section nine of the Nicholson law, as amended by the act of 1905 (Acts 1905, p. 7, §7283i Burns 1905). At the time of filing the remonstrance there was no application on file or pending before the board for a license to sell intoxicating liquors. Appellant was not notified of the filing of such remonstrance, was not in court at the time, and made no appearance to the proceedings had before said board. On October 2, 1905, at the October session, the board assumed jurisdiction over the remonstrance in question, and, after considering the same, found that it was signed by a majority of the legal voters of said Jackson township.

At the regular November session, 1905, appellant, having given the required notice, applied to the board of commissioners under the act of 1875 (Acts 1875 [s. s.], p. 55, §5312 et seq. R. S. 1881) for a license to sell intoxicating liquors in the town of Roanoke, in said Jackson township. The board of commissioners at this session dismissed his application, apparently on the ground that its order made in the ex parte hearing at the October session was final and conclusive as against appellant and all other applicants, and that thereafter no license could be granted to any person to retail intoxicating liquors in that township for a period of two years. From this decision appellant duly appealed to the Huntington Circuit Court, wherein, after the filing of various motions, pleadings and demurrers, the cause was submitted to the court upon an agreed statement of facts to be used and considered as the evidence in the case. Upon this evidence, agreed upon by the parties, the court found in favor of the remonstrators and that appellant ought to take nothing by his action. On the same day plaintiff filed his motion for a

new trial, assigning therefor the statutory grounds. This motion was overruled, to which ruling appellant excepted, and ninety days were granted in which to file a bill of exceptions, and thereupon the court rendered its judgment to the effect that plaintiff take nothing by his action, and that defendants recover from him their costs laid out and expended.

The facts agreed upon as the evidence in the case are incorporated in the bill of exceptions and are substantially as follows: On Friday, September 29, 1905, three days before the regular October session, 1905, of the board of commissioners of Huntington county, Indiana, the defendants, Haines and others, to the number of 275, filed a general remonstrance with the auditor of Huntington county, Indiana, whereby they remonstrated against, and objected to, the granting of a license to any person for the sale of intoxicating liquors in said township. Each of the persons who signed this general remonstrance was at the time of signing the same a legal voter of Jackson township, Huntington county, Indiana, and these remonstrators constituted a majority of the legal voters of said township, as shown by the aggregate vote cast therein for candidates for any office at the last general election preceding the filing of such remonstrance. There are other facts to show that on September 29, 1905, appellant had not given any notice of his intention to apply at the October session of the board of commissioners for a license, and no other person had given any notice of an intention to apply for a license to sell intoxicating liquors in said Jackson township, and there was no application on file or pending before the board made by any person to secure at the October session a license to sell intoxicating liquors in said township. It further appears by the agreed statement that the board of commissioners, at said October session, 1905, assumed jurisdiction over the remonstrance, and found

that it had been signed by a majority of the legal voters of that township.

It was agreed that appellant gave the notice as required by law of his intention to make an application at the November session, 1905, of the board of commissioners of said Huntington county for a license to sell intoxicating liquors in Jackson township, and that he filed his written application more than three days before the beginning of said regular November session. Three days before the regular November session, 1905, certain remonstrators who had signed the remonstrance in question attempted to withdraw their names from the remonstrance, by means of a written document or paper which they filed on that date with the auditor of Huntington county. The number so attempting to withdraw would have reduced the number of those remaining upon the remonstrance below that required by the statute. On November 8, 1905, the board of commissioners dismissed appellant's application for a license, and he duly appealed, as required by law, from this order of the board to the Huntington Circuit Court within the time prescribed by the statute. It was agreed that he was a male resident or inhabitant of Jackson township, Huntington county, Indiana, and a voter therein, and that he had resided in said township for more than ninety days before making his application for a license. It is further shown under the facts agreed upon that he is a person not in the habit of becoming intoxicated, is a person of good moral character, and is a fit person to be entrusted with a license to sell intoxicating liquors.

The general remonstrance signed by appellees appears as a paper in the cause and is set out as a part of the record.

1. Questions in respect to the constitutional validity of the act of 1905 (Acts 1905, p. 7, §7283i Burns 1905), commonly known as the Moore law, are presented and argued in this case, but these were all consid-

ered and decided adversely to the contention of appellant's counsel in the case of *Cain* v. *Allen* (1907), *ante,* 8, and such questions, so far as they can be said to be involved in this appeal, are ruled by that decision.

The proposition presented relative to the right of certain remonstrators to withdraw their names from the general remonstrance at the time at which they attempted to exercise this right, as herein shown, is denied in the case of *Cain* v. *Allen, supra,* and the ruling therein is controlling upon the question in this appeal. The filing of the general or "blanket" remonstrance with the auditor of Huntington county, Indiana, at the time as shown under the agreed statement of facts, signed by a majority of the legal voters of Jackson township, in said county, in which township appellant, under his application, desired to be licensed to retail intoxicating liquors, deprived the circuit court, on appeal from the decision of the board of commissioners, of all jurisdiction or power to grant appellant a license to retail intoxicating liquors in said township. *Cain* v. *Allen, supra,* and authorities there cited.

Therefore the judgment of the lower court was a correct result and is accordingly affirmed.